# No. 25-20072

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

Travis Alford

     Plaintiff - Appellant

v.

Texas Board of Law Examiners

     Defendant – Appellee

---

## On Appeal from
United States District Court for the Southern District of Texas

4:24-CV-1679

---

# REPLY BRIEF

## APPELLANT TRAVIS ALFORD

---

SUBMITTED BY:

Travis Alford
Pro Se
2950 Unity Drive
Houston, TX 77057

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th CIR Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
|---|---|
| Texas Board of Law Examiners | Denver Burris of Office of the Attorney General Austin, TX |

| Appellants: | Appellants: |
|---|---|
| Travis Alford | Travis Alford Houston, TX |

S/Travis Alford
Pro Se

# STATEMENT REGARDING ORAL ARGUMENT

Oral argument would personalize this case for the Court and allow any other questioning about the case the court deems appropriate.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................ iiii

STATEMENT REGARDING ORAL ARGUMENT………………………….. iv

TABLE OF CONTENTS ............................................................................................v

TABLE OF AUTHORITIES ......................................................................................1

JURISDICTIONAL STATEMENT ...........................................................................2

STATEMENT OF THE ISSUES ...............................................................................2

STATEMENT OF THE CASE ……………………………………………… 3

SUMMARY OF THE ARGUMENT ………………………………………... 5

ARGUMENT ……………………………………………………….. 7

CONCLUSION ……………………………………………………. 29

CERTIFICATE OF SERVICE …………………………………………... 30

CERTIFICATE OF COMPLIANCE …………………………………. 31

# TABLE OF AUTHORITIES

Fed. R. Civ. P. 11 …………………………………………………….. 28

Fed. R. Civ. P. 60(b)(1) …………………………………………….. 9

Art. III Sec. II U.S. Constitution. …………………………………… 10, 12

28 U.S.C. § 1331. ………………………………………………… 10, 12

Texas Gov't. Code. §82.021, §82.022, §82.004 A-C and Rule II A 6 ……… 10

*Aransas Project v. Shaw* et al. No. 13-40317 (5th Cir. 2014) ………………… 5 - 12

*Baily v. Board of Law Examiners, 508. F. Supp. 106, 108 (W.D. Tex. 1980)* 16, 17

*Burford v. Sun Oil Co*., 319 U.S. 315, 318, 63 S. Ct. 1098, 1099 (1943)…….. 11

*Caldwell v. Tex. Bd. Law. Exam'rs.* NO. 03-21-00125-CV (Tex. App. – Austin 2023)
…………………………………………………… 14

*City of Austin v. Ken Paxton* No. 18-50646 (5th Cir. 2019) ………………….. 25

*Gilbert v. Donahoe,* 751 F.3d 303 (5th Cir. 2014) ……………………………. 7, 17

*Gordon v. Texas,* 153 F.3d 190, 196 n. 4 (5th Cir. 1998) …………………… 13

*Kipps v. Caillier*, 197 F.3d 765, 770 (5th Cir. 1999) …………………………10, 26

*Marathon Fin. Ins. v. Ford Motor,* 591, F.3d, 466 (5th Cir. 2009) …………… 18

*Piotrowski v.  City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) ………… 23, 24

*Russell v. Board of Trustees,* 968 F.2d 489, 493 (5th Cir.1992) …………….. 23

*Simmang v. Texas Bd. of Law Examiners,* 346 F. Supp. 2d 874 (J.D. Tex. 2004). 13

*Sonnenschein v. Texas Board of Law Examiners*, NO. 15-24-00001-CV (Tex. App.
– Austin 2025) ……………………………………………………….. 14

*Tennessee v. Lane,* 541 U.S. 509 (2004)………………………………… 13, 15

*United states of America v. Rodriguez* No. 21-20270 (5th Cir. 2022) ………… 27

*Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011) …… 25, 26

*Venky Venkatraman v. Tex. Bd. Law. Exam'rs* NO.03-22-00519-CV (Tex. App. –
Austin 2024) ………………………………………………………….. 14

# JURISDICTIONAL STATEMENT

Title 28 U.S.C. § 1291 provides that "the courts of appeals shall have jurisdiction of

appeals from all final decisions of the district courts of the United States".

# STATEMENT OF THE ISSUES on REPLY

ISSUE 1.    Appellant is likely to recover on the merits of the case thus dismissal
was improper.

ISSUE 2.    The District Court dismissal of the case affected the substantial rights
of the Appellant.

ISSUE 3.    ART III SEC 2 powers require reversal for equity reasons.

ISSUE 4.    Appellants merits of his Constitutional Claims entitle reversal.

ISSUE 5.    Due process liberty violations do not require Appellant to identify a
property interest in a law license to be awarded money damages.

ISSUE 6.    Appellant addresses constitutional rights to practice law.

ISSUE 7.    The merits of Appellants Intentional Interference with a Contract
Claim entitle Appellant to relief.

ISSUE 8.    The merits of Appellants Negligence Claim entitle Appellant to relief.

ISSUE 9.    The State of Texas adopts the UBE after notice of its invalidities.

ISSUE 10.  The Discovery Rule applies to the case at bar.

ISSUE 11.  The Ex parte Young Exception applies.

ISSUE 12.  Sanctions should be imposed on the Texas Board of Law Examiners.

# STATEMENT OF THE CASE

The Texas Board of Law Examiners failed the Appellant to the bar of Texas five times using an exam the "validity" of which has been questioned in the Task Force Report on the Texas Bar Exam.

The Appellant sued the Board for negligence and intentional interference with Appellants United States Department of Education Student Loan Contract after discovering the Task Force Report which explains the exam is invalid.

Appellants First and Fourteenth Amendment protections of access to courts and due process are being violated to bring those claims in Texas because the Texas Board of Law Examiners act under the instruction of the Texas Supreme Court thus suit at the Board in Texas is partial and favors Appellee.   (See Tex. Gov't. Code. §82.021, §82.022, §82.004 A-C and Rule II A 6 Rules Governing Admission to the Bar).

Therefore, the Appellant sued the Texas Board of Law Examiners in Federal Court.

The United States District Court for the Southern District of Texas (District Court) dismissed Appellants claims with prejudice because the court held it lacked Fed. R. Civ. P. 12(b)(1) subject matter jurisdiction due to sovereign immunity and did not weigh direct evidence in the case which entitle the Appellant to relief. (District Court Memorandum and Order, ROA.).

Here, the Appellant has submitted evidence in the record under the Task Force Report on the Texas Bar Exam that include facts to support Appellants claims that the Texas Bar Exams "validity" can be questioned which the Board has failed to correct nor has the Board created alternative paths to licensure, the need of which was noted in the Task Force Report. (Plaintiffs Amended Petition ROA.).

Under Texas Government Code §82.004(b), the TBLE is to test Appellants qualifications to practice law but are testing to the bar with questions that "have limited relevance to the actual practice of law" thus there's a need to "create better measures of lawyer competence" as stated in the Task Force Report on the Texas Bar Exam. (see Task Force Report ROA 7, 8).

Appellant asks the Court in this reply brief to examine the District Courts dismissal of Appellants claims for Eleventh Amendment reasons when equity would hold otherwise because there is Direct Evidence in the case which entitle the Appellant to relief.

## SUMMARY OF THE REPLY ARGUMENT

Appellant seems likely to recover on the merits of the case thus dismissal was improper because there is direct evidence in the record that the Appellee did not act like a reasonable careful person being indifferent to the Task Force Report.

ART III SEC 2 powers of the District Court and this Court seem to require reversal for equity reasons because the United States of America has a substantial interest in the State of Texas' interference with its Government Contract and the Merits of Appellants Constitutional claims rise under the Constitution thus seem to set aside any Eleventh Amendment defense.

Appellants reply brief includes case law which holds that violations of Due Process liberties do not require Appellant to identify a property interest in a law license to be awarded money damages.

Appellant respectfully opposes Appellee's assertions that there is no Constitutional right to practice law because the State of Texas is testing to its bar with questions "not related to the practice of law" as noted in the Task Force Report.

The merits of Appellants Intentional Interference with a Government Contract Claim and Negligence Claim entitle Appellant to relief because the Appellee is knowingly interfering with Appellants Department of Education Student Loan Contract.

Appellant also replies for clarification reasons in that the State of Texas did in fact adopt the Uniform Bar Exam into practice ("UBE") after notice of its invalidities.

The Appellant's discovery of the Task Force Report on the Texas Bar Exam satisfies the Discovery Rule thus sets aside Appellee's statute of limitations defense.

The Ex Parte young exception seems to apply to the Appellants claim while sanctions seem to apply to members of the Texas Board of Law Examiners for failing to act as a reasonably careful person.

Sanctions seem to apply to the Task Force on the Texas Bar Exam and the Texas Board of Law Examiners.

# APPELLANTS REPLY ARGUMENT

_____

Case No.  25-2007

_____

*Appellant*
    Travis Alford

v.

*Appellee*
    State of Texas Board of Law Examiners

HONORABLE COURT,

For the reasons stated above and below, the Appellant argues the following issues:

**STANDARD OF REVIEW**.  The burden of proof for a 12(b)(1) motion to dismiss is on the party asserting jurisdiction, who must prove by a preponderance of the evidence that the court has jurisdiction based on the complaint and evidence. (*Gilbert v. Donahoe*, 751 F.3d 303 (5th Cir. 2014)).

A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. (*Id.*)

We review evidentiary rulings under a deferential abuse of discretion standard. (*Aransas Project v. Shaw* et al. No. 13-40317 (5th Cir. 2014)). A court Abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. (*Id.*)

## ISSUE 1 – Appellant is likely to recover on the merits of the case thus dismissal was improper.

At issue is that the District Court dismissed Appellants lawsuit for 12(b)(1) reasons without addressing the merits. (ROA District Court Order 1).

Under Gordon v. Texas … the Eleventh Amendment does not restrict a court's subject matter jurisdiction. (*Gordon v. Texas,* 153 F.3d 190, 196 n. 4 (5th Cir. 1998)).

Gordon held that "rather than dispose of this case in piecemeal fashion …. we think the most efficient course of action is for the district court to consider all of the relevant defenses at once". (*Id.*)

Here, the District Court ruled that "the court considers the jurisdictional attack under Rule 12(b)(1) before addressing the merits" then dismissed Appellants claims for jurisdictional reasons when direct evidence in the case entitle the Appellant to relief. (ROA. District Court Order 3).

Direct evidence in the case includes a Task Force Report on the Texas Bar Exam which explain the Appellee's test is invalid which the District Court did not weigh

when dismissing for Eleventh Amendment reasons thus relief and reversal is proper "because of that oversight or omission" in the record. (Fed. R. Civ. P. 60(b)(1)).

Therefore, the Appellants asks the Court to reverse and weigh the merits of the case.

**ISSUE 2 - The District Court dismissal of the case affected the substantial rights of the Appellant.**

We review evidentiary rulings under a deferential abuse of discretion standard. (*Aransas Project v. Shaw* et al. No. 13-40317 (5th Cir. 2014)). A court Abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. (*Id*.). If there is error, it is reviewed for harmlessness. (*Id*.). We reverse a judgment based on an erroneous evidentiary ruling only if that ruling "affected the substantial rights of the parties." (*Id*.).

Here, the Court fails to weigh direct evidence in the case called the Task Force Report on the Texas Bar Exam which include facts that the Appellee is affecting the rights of the Appellant by not correcting the issues with Appellee's Bar Exam causing the Appellant to fail. (*See* Task Force Report).

The Task Force Report explains that the State is testing its bar with an invalid exam which is not relevant to the law of any jurisdiction, fails to test an examinees readiness to practice law, and works to the detriment of certain demographic groups. (*See* Task Force Report).

The District Court made no mention of the Task Force Report which is included in the record but dismissed the case for want of jurisdiction when Appellants claims rise under the United States Constitution. (ROA District Court Order 1.)

Thus, the Courts dismissal for jurisdictional reasons should be reversed for abuse of discretion because facts in evidence entitle the Appellant to relief.

**ISSUE 3 - ART III SEC 2 powers require reversal for equity reasons.**

At issue is whether the District Court should have exercised its equity jurisdiction because facts in the case at bar entitle the Appellant to relief.

"A court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." (*Aransas Project v. Shaw* et al. No. 13-40317 (5th Cir. 2014); *Kipps v. Caillier*, 197 F.3d 765, 770 (5th Cir. 1999)).

Under Art. III Sec. 2 of the United States Constitution the judicial power shall extend to all Cases, in Law and Equity, arising under this Constitution, and the Laws of the United States…. (Art. III Sec. II U.S. Const.; 28 U.S.C. § 1331).

Here, the Appellant has asserted two constitutional claims of violations of access to court and due process, and brought supplemental claims of interference with a government contract, and negligence all of which were dismissed by the District

Court for Eleventh Amendment reasons abstaining from jurisdiction. (ROA. District Court Order.).

The federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them" when exercising its equity jurisdiction is in the public interest and when Appellants claims include violations of due process of law. (*Aransas Project v. Shaw* et al. No. 13-40317 (5th Cir. 2014); *Burford v. Sun Oil Co*., 319 U.S. 315, 318, 63 S. Ct. 1098, 1099 (1943)).

Five factors govern the decision whether to abstain from exercising equity jurisdiction: (1) whether the cause of action arises under federal or state law; (2) whether the case requires inquiry into unsettled issues of state law or into local facts; (3) the importance of the state interest involved; (4) the states need for a coherent policy in that area; and (5) the presence of a special state forum for judicial review. (*Aransas Project v. Shaw* et al. No. 13-40317 (5th Cir. 2014)).

Here, (1) Appellants cause of actions rises under the First and Fourteenth Amendments to the United States Constitution for violations of access to courts and due process. (2) Appellants claims of Contract Interference and Negligence are supplemental to Appellants constitutional claims and present facts local to the United States because of the States interference with the Appellants United States Department of Education student loan contract.

(3) Appellee's UBE bar exam does not test on Texas Law but merely requires a video presentation of Texas Law after the bar exam diminishing the states interest to qualify legal representation for the citizens of Texas. (4) America has a significant interest in correcting the states policy because it allows Appellee to interfere with United States Government Contracts and the (5) presence of the United States District Court for the Southern District of Texas seems proper forum for judicial review.

Therefore, the District Court should have exercised its equity jurisdiction because the Burford factors seem to have been satisfied. (*Aransas Project v. Shaw* et al. No. 13-40317 (5th Cir. 2014)).

## ISSUE 4 - Appellants merits of his Constitutional Claims entitle reversal.

At issue is that the District Court dismissed Appellants' lawsuit for Eleventh Amendment reasons without weighing the merits of Appellants Constitutional claims.

Under Art. III Sec. 2 of the United States Constitution dismissal of Appellants Constitutional claims should be reversed because the judicial power shall extend to all Cases, in Law and Equity, arising under this Constitution, and the Laws of the United States…. (Art. III Sec. II U.S. Const.; 28 U.S.C. § 1331).

The First Amendment, the Due Process Clause of the Fourteenth Amendment … as applied to the States via the Fourteenth Amendment, all guarantee and protect, in one form or another, an individual's right of the access to the courts. (*Simmang v. Texas Bd. of Law Examiners*, 346 F. Supp. 2d 874 (W.D. Tex. 2004)*; Tennessee v. Lane,* 541 U.S. 509 (2004)).

Here, Appellant asserted Constitutional claims under the First and Fourteenth Amendments of violations of access to courts and due process because it's unfair to sue the Appellee in the state of Texas.

Texas Gov't. Code. §82.021, §82.022, §82.004 A-C and Rule II A 6 allow the Texas Board of Law Examiners to act under the instruction of the Texas Supreme Court creating the appearance of bias to sue the Board in the State.

"The Texas Board of Law Examiners is an agency of the Texas Supreme Court." *https://ble.texas.gov/about.*

"The political question doctrine erects a barrier to justiciability to those matters which are inappropriate for judicial determination" and here, because of the Boards entanglement with the Texas Courts, Appellants claims at the Board in the State of Texas seem non-justiciable. (*Gordon v. State of Texas* No. 97-40864 at 6 (5th Cir. 1998)).

The Texas Board of Law Examiners are "appointed by the Texas Supreme Court" which creates even more bias to sue the Board in the State of Texas because Board members are appointed with favor. (*See* Tex. Gov. Code. §82.001).

Furthermore, "the Supreme Court shall appoint the members of the Board for staggered six-year terms" but members of the Board were appointed by the Texas Supreme Court over 15 years ago and are still in office with the State as Texas Board of Law Examiners creating more bias to sue the Board in Texas. (*Id*; *https://ble.texas.gov/about*).

Appellant has nowhere else to sue the Board but Federal Court because the rules stated above allow the Board to act under the instruction of the Texas highest court creating the appearance of bias to sue the Board in the State violating Appellants Constitutional protections of access to courts and due process.

All of these individuals lost when suing the Board just in the last three (3) years in the State of Texas not only at the District Court but also the Texas Courts of Appeals: (*see. Venky Venkatraman v. Tex. Bd. Law. Exam'rs* NO.03-22-00519-CV (Tex. App. – Austin 2024); *Sonnenschein v. Texas Board of Law Examiners*, NO. 15-24-00001-CV (Tex. App. – Austin 2025); *Caldwell v. Tex. Bd. Law. Exam'rs.* NO. 03-21-00125-CV (Tex. App. – Austin 2023)).

Therefore, the Court should assert jurisdiction over Appellants constitutional claims because the merits of the case entitle reversal because suit in Texas is partial and favors Appellee violating Appellant First and Fourteenth Amendment constitutional protections of Access to Court and Due Process.

**ISSUE 5 - Due process liberty violations do not require Appellant to identify a property interest in a law license to be awarded money damages.**

Appellee states on page 15 of its Brief that "for a person to have a procedural due process claim that damages or other relief can remedy, he must have been denied life, liberty, or property protected by the Fourteenth Amendment." (*ROA.15*).

Here, Appellee goes on to argue that "Not only has Appellant not alleged facts to suggest he was denied due process, but he has also not identified any legal source to suggest that he has a property interest in a law license." (*ROA Appellee Brief 15*).

Here under Lane, the Appellant does not need to suggest that he has a property interest in a law license to sue the Board for money damages under the Constitution because Lane held that claims based on due process principles like the fundamental right of access to court can assert money damages so long as the complaint alleges due process violations. (*Tennessee v. Lane, 541 U.S. 509 (2004)*).

Therefore, the Appellant asks the court to reverse the case at bar and order full damages for the Appellant.

Those damages include: money judgment for the Appellant because of the States constitutional violations of access to courts and due process, order an injunction of the states bar exam until correct measures of lawyer competence can be implemented, order a diploma privilege for the state of Texas ABA Law School graduates, and or, order the state to create alternative paths to licensure as noted in the Task Force Report on the Texas Bar Exam, order the Supreme Court of Texas to issue the Appellant a law license, and reverse this case for trial for additional damages for Appellee's interference with Appellants Federal Education Contract and Negligence because the state failed to act as a reasonably careful person in not correcting its bar exam causing intentional interference Appellants United States Department of Education Student Loan Contract.

**ISSUE 6 Appellee argues constitutional rights to practice law in its Brief therefore, Appellant addresses that issue here.**

Appellee argues that it has a right to regulate the admission to the bar – the constitution prohibits only those requirements having no rational connection with the applicant's fitness or capacity to be a lawyer. (*Baily v. Board of Law Examiners,* 508. F. Supp. 106, 108 (W.D. Tex. 1980); *ROA* Appellee Brief 16).

Under Baily, states cannot exclude applicants in a manner or for reasons that violate the Fourteenth Amendment, nor impose qualifications which lack a rational connection with the applicant's fitness to practice law. *Id.*

Here, as noted in the Task Force Report on the Texas Bar Exam, the Board is using questions with no value to test "an examinee's readiness to practice law", use questions that "work to the detriment of certain demographic groups", "does not reflect the law of any jurisdiction" – note this case was dismissed for jurisdictional reasons, and "have limited relevance to the actual practice of law." (*See* Task Force Report.)

The Task Force Report goes on to explain that the TBLE's need to "develop better measures of lawyer competence" and there's "cause to consider creating an alternative path to licensure outside the bar exam", but the State fails to act like a reasonably careful person and make those corrections. *Id; Restatement of Torts Third Edition.*

Therefore, the District Courts dismissal of the case at bar should be reversed because "a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief" and the Appellant has included a Task Force Report which is direct evidence of constitutional violations, negligence, and

interference with a federal contract that entitle the Appellant to relief. *Gilbert v. Donahoe, 751 F.3d 303 (5ᵗʰ Cir. 2014).*

## ISSUE 7. The merits of Appellants Intentional Interference with a Contract Claim entitle Appellant to relief.

Appellant has admitted direct evidence in the case of Appellee's failure to act as an ordinary person and correct its bar examination causing intentional interference with Appellants United States Department of Education Student Loan Contract. (*See* Task Force on the Texas Bar Exam.)

Appellee argues that "Appellant cannot allege facts from which the Court could infer liability on the part of the Texas Board of Law Examiners regarding any contract of the Appellant". (ROA. 17 Appellee Brief).

That's a false statement for the following reasons which warrant reversal and damages.

Under intentional interference with contractual relations, the Plaintiff must show that: (1) there was an enforceable contract; (2) the Defendant was aware of that contract; (3) the Defendant intentionally and unjustifiably induced a breach of the contract; (4) breach resulted from Defendants wrongful conduct, and (5) the Plaintiff has been damaged. (*Marathon Fin. Ins. v. Ford Motor,* 591, F.3d, 466 (5ᵗʰ Cir. 2009)).

Appellee's issue is that "Appellant does not allege that the Texas Board of Law Examiners were even aware of any contract Appellant may have had, let alone taken action to intentionally interfere with such a contract." (ROA. 17 Appellee Brief).

Here, the Texas Board of Law Examiners asked the Appellant in its Declaration of Intent to Study Law direct questions which contradict the Appellees assertions that the Board had no knowledge of Appellants Student Loan Contract.

The Declaration of Intent to Study Law is a personal application mandated by the Texas Board of Law Examiners that must be completed prior to taking the bar exam.

Question 14. "Do you have any other debts that are ninety (90) days or more past due?" — Appellant answered "yes."

Question 15. "If you answered yes to any part of question 14, provide a current credit report from EXPERIAN." — Appellant provided a credit report which included Appellants student loan contracts with the United States Department of Education therefore, the Appellees statement that they were unaware of Appellants contract is false and misleading.

Appellee's next contention under Appellants contract interference claim is that the Appellee did not intentionally interfere with the contract.

Here, the Texas Board of Law Examiners were told there's a need to "develop better measures of lawyer competence" on its bar exam but did not causing Appellant to

fail the exam intentionally interfering with Appellants United States Department of Education Student Loan Contract. (*See* Task Force Report 8).

The Texas Board of Law Examiners are knowingly using a bar exam which contain questions with no value to test "an examinee's readiness to practice law", use questions that "work to the detriment of certain demographic groups", "does not reflect the law of any jurisdiction" – note this case was dismissed for jurisdictional reasons, and "have limited relevance to the actual practice of law." (*See* Task Force Report).

The Task Force Report goes on to explain that because the UBE's ("Uniform Bar Exam") validity can be questioned, there's "cause to consider creating an alternative path to licensure outside the bar exam", but the State fails to act like a reasonably careful person and make those corrections continuing to substantially harm the Appellant and interfere with his government contract. (*Id.*).

Therefore, the Appellant asks for reversal of the District Courts dismissal of this cause of action because the merits of the case entitle the Appellant to relief.

## ISSUE 8. The merits of Appellants Negligence Claim entitle Appellant to relief.

"A person acts negligently if the person does not exercise reasonable care under all the circumstances" while the "primary factors to consider in ascertaining whether the person's conduct lack reasonable care are the foreseeable likelihood that the

persons' conduct will result in harm, the foreseeable severity of any harm that may ensue, and the burden of precaution to eliminate or reduce the risk of harm." *Restatement (three) of Torts §3 Am. Law Inst. 2013*.

The "reasonable care" standard for negligence is "expressed in terms of a reasonably careful person." (*Id*.)

The Texas Board of Law Examiners did not act as a reasonably careful person when ignoring the fact that two members of the Task Force on the Texas Bar Exam had serious reservations about the MBE section of the UBE. (*see* Task Force Report).

Here, as noted in the Task Force Report, the Board is using questions with no value to test "an examinee's readiness to practice law", use questions that "work to the detriment of certain demographic groups", "does not reflect the law of any jurisdiction" – note this case was dismissed for jurisdictional reasons, and "have limited relevance to the actual practice of law." (*Id*.).

The Task Force Report goes on to explain that the Board needs to "develop better measures of lawyer competence" and that because the Exam's validity can be questioned, there's "cause to consider creating an alternative path to licensure outside the bar exam" but the Board fails to act like a reasonably careful person and make the corrections. (*Id*.)

These issues are cause for the Appellants failure of the exam and injury.

Appellants' injuries of being failed to the bar exam are foreseeable when the Board uses questions not related to the practice of law on its bar exam as noted in the Task Force Report.

The Appellee is not only negligent but seems grossly negligent because the state knowingly failed to correct the exam nor create alternative paths to licensure. *Restatement (three) of Torts §3 Am. Law Inst. 2013*.

Thus, the Appellant asks the Court to order money judgment for the Appellant because of the States constitutional violations of access to courts and due process, order an injunction of the states bar exam until correct measures of lawyer competence can be implemented, order a diploma privilege for the state of Texas ABA Law School graduates, and or, order the state to create alternative paths to licensure as noted in the Task Force Report on the Texas Bar Exam, order the Supreme Court of Texas to issue the Appellant a law license, and reverse this case for trial for additional damages for Appellee's interference with Appellants Federal Education Contract and Negligence because the state failed to act as a reasonably careful person in not correcting its bar exam while intentionally interfering with a federal government contract.

**ISSUE 9 – The State of Texas adopts the UBE after notice of its invalidities.**

In Appellee's Brief the State of Texas states that "Appellant bases his lawsuit on a task force report whose recommendations were not adopted and hold no legal effect." (*ROA.* Appellee's Brief Statement of the Case).

That's a false statement of fact.

Texas Supreme Court Docket No. 18-9133 "accepts the Task Force's recommendation to adopt the Uniform Bar Exam in Texas" after notice of the exam invalidities negligently and intentionally interfering with Appellants United States Department of Education Student Loan Contract. (*See Order* Docket No. 18-9133 (Tex. 2018)).

Because the Appellee's assertions that the State of Texas did not adopt the Task Force Report recommendations are unfounded, this case should be reversed, and damages awarded to the Appellant.

**ISSUE 10 - The Discovery Rule applies to the case at bar.**

Under federal law, the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." (*Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995); *Russell v. Board of Trustees,* 968 F.2d 489, 493 (5th Cir.1992)).

Appellant's awareness of the existence of a possible cause of action has two elements: "(1) the existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." (*Piotrowski v. City of Houston,* 51 F.3d 512, 516 (5th Cir. 1995)).

Here, Appellant was denied a license to practice law for the fifth time in 2017 when Appellee sent the Appellant a letter stating that Appellant could not take the Texas Bar Examination again. (ROA Appellate Brief 19).

In 2017, the Appellant only had knowledge of the existence of an injury from failing the bar exam without causation "or the connection between the injury and the Defendants' actions". (*see Piotrowski v. City of Houston*).

Plaintiff discovered the Task Force Report on the Texas Bar Exam November 2023 while beginning preparations for a sixth bar exam which is causation.

Discovery of the Task Force Report is direct evidence of causation — the connection between the Appellants injury of failing the exam and the defendant's actions of using an invalid exam and not creating alternative paths to licensure.

Therefore, the limitations period for Appellants claims did not begin until November 2023.

Appellant filed suit at the Texas Board of Law Examiners May of 2024 six months later.

Therefore, the Appellant seeks reversal of this cause of action because Appellants claims are timely.

## ISSUE 11. The Young Exception applies to Appellants lawsuit.

At issue is that the District Court dismissed the Appellants claims at the Board of Law Examiners when the Young Exception applies.

In most cases, Eleventh Amendment sovereign immunity bars private suits against nonconsenting states in federal court. (*City of Austin v. Ken Paxton* No. 18-50646 (5th Cir. 2019); See *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011)).

The Young Exception allows the suit to proceed against an Eleventh Amendment defense "where a state actor or agency is statutorily tasked with enforcing the challenged law." (*City of Austin v. Ken Paxton* No. 18-50646 (5th Cir. 2019)).

The Supreme Court's recent Ex parte Young jurisprudence explains that the inquiry into whether a suit is subject to the Young exception requires "a court need only conduct a 'straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective. (*City of Austin v. Ken Paxton* No. 18-50646 (5th Cir. 2019)).

Here, the Texas Board of Law Examiners are statutorily tasked with the licensing of Attorneys in the State of Texas acting under Texas Codes at issue violating

Appellants rights under federal law. (*See Texas Gov't. Code.* §82.021, §82.022, §82.004 A-C and Rule II A 6).

In *Va. Office for Prot. & Advocacy v. Stewart*, Respondents and the dissent argue that entertaining a lawsuit in a federal forum would nevertheless infringe Virginia's sovereign interests because it diminishes the dignity of a State for a federal court to adjudicate a dispute, but the Supreme Court disagreed.

*Va. Office* reasoned that "we do not understand how a state's stature could be diminished to any greater degree when its own agency polices its officers' compliance with their federal obligations." (*Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011)).

Here, the Texas Board of Law Examiners police the states officers', lawyers' minimum competence to practice federal law and adhere to the United States Constitution thus this lawsuit in the District Court for the Southern District of Texas does not infringe upon Texas sovereign immunity.

Therefore, the Young Exception applies and is a bar to Appellee's Eleventh Amendment defense thus this case should be reversed.

**ISSUE 12. Sanctions should be imposed on the Texas Board of Law Examiners.**

District Courts have inherent power to issue sanctions against attorneys for bad faith conduct. (*Kipps v. Caillier*, 197 F.3d 765, 770 (5th Cir. 1999)).

To impose sanctions under its inherent power, "a court must make a specific finding that the attorney acted in bad faith." (*Id.* (quotations omitted). *United states of America v. Rodriguez* No. 21-20270 (5th Cir. 2022)).

The Texas Board of Law Examiners acted in bad faith implementing the UBE and not creating alternative paths to licensure after the Task Force Report on the Texas Bar Exam contained serious warnings of the potential for harm caused by the exams invalidities. (*See* Task Force Report.).

Under Rule 48, a verdict must be unanimous, but the Task Force Reports recommendations to use the UBE was not unanimous. (*See* Fed. R. Civ. P. 48; *Task Force Report on the Texas Bar Exam*).

The Task Force Reports glaring warnings about the UBE's invalidities and members of its Board not agreeing about the MBE section of the exam were certain to cause substantial harm to the Appellant if the Board of Law Examiners allowed for the states implementation of the exam after its Task Force was not unanimous about the state's high stakes test. (See Task Force Report).

There were imminent warnings of disagreement about the UBE which the Board failed to heed thus substantially injuring the Appellant.

The Board was told to "create better measures of lawyer competence" but was indifferent to those recommendations after it was warned that the UBE did not test an applicant's readiness to practice law and was invalid. (*Id.*).

The Texas Board of Law Examiners failed to act like a reasonably careful person and create better measures of lawyer competence as noted in the Task Force Report.

Members of the Texas Board of Law Examiners include Sandra Zamora, Augustin Rivera, Al Odom, Teresa Giltner, Barbara Ellis, Anna McKim, Cynthia Orr, Alfred Mackenzie, and Dwaine Massey.

Members of the Task Force on the Texas Bar Exam include: Chair Stephen Sheppard, Jennifer Collins, Ward Farnsworth, Danny Holley, Bradley Toben, Cassie Christopher, Jeff Rose, Harold "Al" Odom, Augustin "Augie" Rivera, Jr., Alfred Mackenzie, Beverly Godbey, Rebeckah Brooker, and Jeff Brown.

The Task Force and Board of Law Examiners mentioned above breached their duty to the Applicants of the States Bar negligently causing substantial injury to the Appellant by not acting as a reasonably careful person recognizing the direct evidence of harm presented in the Task Force Report on the Texas Bar Exam.

The Board of Law Examiners and the Members of the Task Force on the Texas Bar Exam seem to violate Rule 11 by making false representations to the Texas Supreme

Court recommending the UBE after alarming warnings of the exam's invalidities. (*See* Fed. R. Civ. P. 11).

The Texas Supreme Court thanked the Texas Board of Law Examiners and the Task Force on the Texas Bar Exam "for their time and thorough consideration and communication with the Court on this important subject" of the states Bar Exam. (*See* Order Adopting Certain Recommendation of the Texas Bar Exam Doc. 18-9133).

Therefore, Sanctions seem appropriate for the injury caused by those members "to deter repetition of the conduct". (Fed. R. Civ. P. 11.).

The Appellant respectfully request leave to amend this lawsuit to include to foregoing Board Members for their violations because "Courts should freely give leave to amend when justice so requires." (ROA. District Courts Order 11; Fed. R. Civ. P. 15).

## CONCLUSION

Thus, the Appellant asks the Court to order money judgment for the Appellant because of the States constitutional violations of access to courts and due process, order an injunction of the states bar exam until correct measures of lawyer competence can be implemented because the harm caused by the Appellee is

ongoing, order a diploma privilege for the state of Texas ABA Law School graduates, and or, order the state to create alternative paths to licensure as noted in the Task Force Report on the Texas Bar Exam, order the Supreme Court of Texas to issue the Appellant a law license, order sanctions on the Task Force on the Texas Bar Exam and Texas Board of Law Examiners mentioned above, allow the Appellant to amend his petition to include those members, and reverse this case for trial for additional damages for Appellee's interference with Appellants Federal Education Contract and Negligence because the state failed to act as a reasonably careful person in not correcting its bar exam while intentionally interfering with a federal government contract.

RESPECTFULLY SUBMITTED BY:
/s/ Travis Alford
Doctor of Jurisprudence Pro se Litigant
June 27, 2025
5900 Balcones Dr. STE 100
Austin, Texas 78731
alfordtravis@outlook.com
713.454.4704

## CERTIFICATE OF SERVICE

I certify that on June 27, 2025 the foregoing document was forwarded via email on today's date to the following parties/counsel:

Mr. Denver Burris

Assistant Attorney General State of Texas

Denver.Burris@oag.texas.gov

<u>S/Travis Alford</u>

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) and 5th CIR. R. 32.1:  this document contains four thousand nine hundred and seventy one words.

2.  This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Fourteen Point Times New Roman.

<u>S/Travis Alford</u>